L. W. Anker, Transferee v. Commissioner.
Anker v. Commissioner
Docket No. 68447.
United States Tax Court
T.C. Memo 1959-232; 1959 Tax Ct. Memo LEXIS 17; 18 T.C.M. (CCH) 1118; T.C.M. (RIA) 59232; December 11, 1959
*17 Delman H. Eure, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The Commissioner has determined a deficiency in the corporation income tax of the Anker Hotel Company of Rhinelander, Wisconsin, for the taxable year 1951, in the amount of $1,940.62, plus an addition to tax in the amount of $485.15 for its failure to file a return for that year. He has further determined that petitioner is liable in the full amount of the tax and addition to tax as transferee of the assets of Anker Hotel Company. Petitioner did not appear at the hearing of this case and has offered no proof, oral or written, in support of her pleadings or in sustention of her burden of proof. The corporation did not file a corporation income tax return for its taxable year 1951. We therefore hold that the Commissioner was correct in his determination of the income tax deficiency of Anker Hotel Company for the taxable year 1951 in the amount of $1,940.62, plus an addition to tax for failure to file its corporation income tax return for that year in the amount of $485.15. Anker Hotel Company was a corporation engaged in the operation of a hotel and restaurant in Rhinelander, Wisconsin, *18 prior to March 31, 1951. All of its stock except that which was held as treasury stock was held in equal amounts by petitioner and her husband, D. M. Anker. On or about that date all of its operating assets were sold. Thereafter the corporation was liquidated and its remaining assets, after satisfaction of its liabilities consisting entirely of cash in the amount of $56,246.68, were distributed in equal proportions to petitioner and her husband. Upon the distribution of its remaining assets and because of it, the corporation became insolvent and unable to discharge its 1951 income tax liability together with the penalty imposed by the respondent. All of the elements comprising transferee liability are here established and respondent has sustained his burden of proof. His determination must be and is upheld. ; . Decision will be entered for the respondent.